953 F.2d 1386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael E. GAINER, Plaintiff-Appellant,
v.
Thomas AGNOS, et al., City of Scottsdale Police Department;
Fred Collins, individually and in his official capacity as
Police Chief for City of Scottsdale; J. Holden,
individually and in his official capacity as Sargeant for
the Scottsdale Police Department; N. Buttronke, Serial No.
342, individually and in his official capacity as Police
Officer for the Scottsdale Police Department, Defendants-Appellees.
 No. 91-15167.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 17, 1992.*
Decided Jan. 23, 1992.
 
 Before GOODWIN, FLETCHER and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pro-se plaintiff, Michael E. Gainer, appeals the district court's orders granting summary judgment and dismissing his complaint. The district court had jurisdiction pursuant to 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291. Notice of appeal was timely. Because we hold that the plaintiff did not have a meaningful opportunity to respond to the defendant's motion for summary judgment, we reverse and remand for further proceedings.
 
 
 3
 On June 9, 1989, Gainer filed a section 1983 action alleging violations of his eighth and fourth amendment rights. On October 15, 1990, defendants moved for summary judgment. On October 23, 1990 the court entered an order establishing a briefing schedule and mailed it to the plaintiff. Plaintiff's response to the summary judgment motion was due November 22, 1990.
 
 
 4
 On November 19, 1990, Plaintiff filed a notice of change of address. A second copy of the court's October 23rd order was not sent to the new address. November 22nd came and went without a response from the plaintiff. On December 10, 1990, the court's briefing order was returned to the clerk's office, undelivered. The order was then resent to the new address. Two days later, on December 12, 1990, the court issued an order for the plaintiff to show good cause for his failure to timely respond to the motion that, according to the court's own records, he had not received. The order to show cause was sent to the November 19 address. Both the order to show cause and the original October 23rd order were returned, undelivered, on December 31, 1990 for failure to include a prison identification number.
 
 
 5
 On January 11, 1991, summary judgment was granted for the defendants pursuant to Local Rule 11(i)[1] and the plaintiff's complaint was dismissed. There is no reason to doubt the plaintiff's contention that he did not receive the documents and that he had no notice of either the summary judgment motion or the order to show cause. Plaintiff learned of the summary judgment motion only when he called the clerk's office. At this time, he was informed that judgment had already been entered against him. Cryptically, the defendants resent the notice of the original summary judgment motion along with the supporting statement of facts to the plaintiff five days after the complaint had been dismissed.
 
 
 6
 It is fundamental that before summary judgment should issue the party against whom the motion is pending be provided "a full and fair opportunity to ventilate the issues involved in the motion." Cool Fuel, Inc. v. Connett, 685 F.2d 309, 312 (9th Cir.1982). See also Waterbury v. T.G. & Y Stores Co., 820 F.2d 1479, 1481 (9th Cir.1987). The rule itself requires that the "motion be served at least 10 days before the time fixed for the hearing." Fed.R.Civ.P. 56(c).
 
 
 7
 This court recognizes the important function played by local rules. In upholding the dismissal of indictments under the predecessor of Local Rule 11(i) we declared that "[o]nly in rare cases will we question the exercise of discretion in connection with the application of local rules." United States v. Warren, 601 F.2d 471, 474 (9th Cir.1979).
 
 
 8
 Without addressing the underlying merits of the case, we hold that under the facts evident in the record, the plaintiff did not have a meaningful opportunity to respond to the motion. The district court should not have granted summary judgment against an incarcerated prisoner when the record showed that the motion for summary judgment had not been sent to the prisoner. The court could have ascertained the reason for the plaintiff's failure to respond by examining its own records. The plaintiff dutifully kept the court informed of his changes of address within the prison system. Throughout the litigation, Mr. Gainer has demonstrated both his ability and willingness to comply with court orders and deadlines.
 
 
 9
 It was inappropriate to grant summary judgment under Local Rule 11(i) without the plaintiff having a meaningful opportunity to respond.
 
 
 10
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Rule 11. Motions--Civil and Criminal
 (i) Briefs or Memoranda of Law; Effect of Non-Compliance.... [I]f counsel for any party fails to appear at the time and place assigned for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.