9 F.3d 1550
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Allen BOWEN, Plaintiff-Appellant,
v.
CHRYSLER CORPORATION; Magic Chef, Inc.; Tom Johnson's
Camping RV Center, Defendant-Appellees.
 No. 93-15433.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 5, 1993.*
Decided Oct. 22, 1993.
 
 1
 Before: CHOY, GOODWIN, and SKOPIL, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 John Bowen appeals pro se the district court's dismissal of his action under the court's local rule for failure to file an opposition to Tom Johnson's and Chrysler's motions to dismiss, and the court's sua sponte dismissal of his action against Magic Chef for failure to state a claim and for lack of subject matter jurisdiction. We affirm.
 
 DISCUSSION
 1. Local Rule Dismissal
 
 4
 Under the local rule, "[t]he failure of an opposing party to file a memorandum ... in opposition to any motion shall constitute a consent to the granting of the motion...." District of Nevada Local Rule 140-6. See United States v. Warren, 601 F.2d 471 (9th Cir.1979) (upholding comparable District of Arizona Rule 11(g)). We review the district court's dismissal pursuant to its local rules for abuse of discretion. Warren, 601 F.2d at 474.
 
 
 5
 Although Bowen apparently did not understand the import of defendants' motions to dismiss, pro see litigants must follow the same rules of procedure that govern all litigants. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987). Defendants' memoranda in support of their motions are written clearly enough to instruct Bowen on what was needed to cure the deficiencies of the complaint. Bowen has given no reason on appeal for his failure to respond. The motions adequately warned Bowen that failure to amend his complaint could result in dismissal. The court did not abuse its discretion in following its local rule.
 
 2. Sua Sponte Dismissal
 
 6
 Bowen's complaint did not state a claim or allege any facts that could establish jurisdiction and venue. In fact, the complaint completely lacks the jurisdictional statement required by Federal Rule Civil Procedure 8(a)(1). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir.1989). The district court correctly concluded that jurisdiction and venue had not been established.
 
 
 7
 The district court sua sponte dismissed the action against Magic Chef without prejudice. A district court may dismiss an action sua sponte whenever it appears that jurisdiction is lacking. Fed.R.Civ.P. 12(h)(3). Unless the plaintiff has received adequate notice of the complaint's deficiencies and the opportunity to amend, however, the court should not dismiss a claim either for lack of jurisdiction or for failure to state a claim. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987); Franklin v. State of Oregon, State Welfare Division, 662 F.2d 1337, 1343 (9th Cir.1981).
 
 
 8
 In addition to the explanations of the complaint's deficiencies provided by Tom Johnson's and Chrysler's motions, Magic Chef's answer included the defense that Bowen had failed to state a claim. Moreover, at no time did Bowen move to amend his complaint. If a non-prisoner pro se plaintiff has adequate notice of the insufficiencies of his complaint, the court need not grant leave to amend sua sponte. See Carter v. Commissioner, 784 F.2d 1006, 1009 (9th Cir.1986) (government's motion was sufficient notice that petitioner's pro se complaint was deficient); Jacobsen v. Filler, 790 F.2d 1362, 1365 (9th Cir.1986) (court need not advise non-prisoner pro se plaintiff that evidence must be filed to defeat summary judgment motion). Because this case was dismissed without prejudice, Bowen may be able to refile his complaint and allege facts sufficient to establish jurisdiction and state a claim against Magic Chef.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3