29 F.3d 638
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ross WASHINGTON, Plaintiff-Appellant,
v.
James ROWLAND, et al., Defendants-Appellees.
 No. 93-15951.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided June 30, 1994.
 
 Before: TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ross Washington, a California state prisoner, appeals pro se the district court's order granting defendants' motion for summary judgment in his 42 U.S.C. Sec. 1983 action. Washington contends that defendant prison officials are liable for injuries he received when his cellmate threw scalding water, which had been heated in a "hotpot" purchased at the prison canteen. Specifically, Washington claims that: (a) former Warden Borg failed to protect him from harm by another inmate because Borg should have known that the sale of hotpots to inmates posed an unreasonable risk of harm; (b) Department of Corrections Director Rowland was responsible for housing him with a violently mentally ill cellmate; (c) prison official Figueroa miscalculated his classification score, resulting in Washington's inappropriate placement at Folsom State Prison; and (d) Dr. Shedler violated his Eighth Amendment rights by failing to respond to his immediate medical needs after the assault. In addition, Washington contends that the district court erred in denying his motions for appointment of counsel and two discovery requests. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm in part as to one of the discovery claims and the appointment of counsel claim. We vacate in part and remand to allow Washington the opportunity to complete discovery and to submit an opposition to defendants' motion for summary judgment.
 
 
 3
 We review de novo the district court's grant of summary judgment. Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989).
 
 1. Klingele warning
 
 4
 Before entering summary judgment, district courts must provide pro se prisoner litigants with fair notice of the requirements for responding to a motion for summary judgment under Fed.R.Civ.P. 56. Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988). Courts must advise pro se prisoner litigants that they need to submit responsive evidence to ward off summary judgment under Rule 56(e). Id. at 411. Courts cannot avoid giving the required advice based on a determination that a prisoner has the requisite sophistication in legal matters. Id. Moreover, it is error for the district court to simply rely on the fact that the pro se prisoner litigant had the time and ability to figure out what he should do to comply with Rule 56 requirements. Id. at 411-12.
 
 
 5
 Here, on May 22, 1992, appellees filed a "motion for total or partial summary judgment." The district court did not advise Washington, who was appearing pro se, that he needed to submit responsive evidence to ward off summary judgment under Rule 56(e). Nevertheless, four months later, Washington filed a document styled "PLAINTIFF MOTION FOR COURT RESPONSE TO MOTION FILED THREE MONTHS AGO FOR EXTENSION OF TIME TO OBTAIN AN ATTORNEY. AND, OPPOSITION TO GRANTING A PARTIAL SUMMARY JUDGMENT, NOR ANY DEGREE OF SUMMARY JUDGMENT." This motion, however, failed to effectively address defendants' motion for summary judgment, nor did Washington submit any responsive evidence to ward off summary judgment.
 
 
 6
 On January 21, 1993 Washington filed a second opposition to defendants' motion for summary judgment, but this motion also failed to effectively address defendants' motion for summary judgment, nor include any responsive evidence to ward off summary judgment.
 
 
 7
 Accordingly, we vacate the district court's grant of summary judgment and remand. See Klingele, 849 F.2d at 411-12.
 
 2. Discovery motions
 
 8
 (a) Motion to compel discovery
 
 
 9
 We review for abuse of discretion the district court's interpretation and application of a local rule. Miranda v. Southern Pac. Transp. Co., 710 F.2d 516, 521 (9th Cir.1983).
 
 
 10
 District courts have broad discretion in interpreting and applying their local rules. Id. "Only in rare cases will we question the exercise of discretion in connection with the application of local rules." United States v. Warren, 601 F.2d 471, 473-74 (9th Cir.1979).
 
 
 11
 Local Rule 135 of the Rules of Practice for the United States District Court for the Eastern District of California provides in relevant part that a party filing a motion must include proof of service showing that it was served upon the nonmoving party as required by Fed.R.Civ.P. 5. See E.D.Cal., Local Rule 135.
 
 
 12
 Here, Washington claims that the district court erred by striking his motion to compel discovery when he allegedly failed to provide proof of service to defendants as required by E.D.Cal., Local Rule 135. This contention lacks merit.
 
 
 13
 In its February 1, 1993 order, the district court found that Washington failed to serve defendants with his motion to compel discovery, in violation of E.D.Cal., Local Rule 135, and Fed.R.Civ.P. 5. The district court noted that Washington had been warned of this requirement on at least three separate occasions. Thus, the district court did not abuse its discretion when it struck Washington's motion to compel discovery. See E.D.Cal., Local Rule 135; Fed.R.Civ.P. 5; Miranda, 710 F.2d at 521; Warren, 601 F.2d at 473-74.
 
 
 14
 (b) Request to reopen discovery
 
 
 15
 A denial of a Fed.R.Civ.P. 56(f) application is reviewed under the abuse of discretion standard. VISA Int'l Serv. v. Bankcard Holders of Am., 784 F.2d 1472, 1475 (9th Cir.1986).
 
 
 16
 The district court may continue a motion for summary judgment to allow additional discovery by a party opposing summary judgment under Fed.R.Civ.P. 56(f). Liberty Lake Inv., Inc. v. Magnuson, 12 F.3d 155, 160 (9th Cir.1993). The district court abuses its discretion if the movant diligently pursued his previous discovery opportunities, and if the movant can show how allowing additional discovery would have precluded summary judgment. California Union Ins. v. American Diversified Savings Bank, 914 F.2d 1271, 1278 (9th Cir.1990), cert. denied, 489 U.S. 1088 (1991).
 
 
 17
 A prisoner may establish a Sec. 1983 claim under the Eighth and Fourteenth Amendments against prison officials where the officials acted with deliberate indifference to the threat of serious harm or injury by another prisoner. Leer v. Murphy, 844 F.2d 628, 633; Berg v. Kincheloe, 794 F.2d 457, 460 (9th Cir.1986). Under the deliberate indifference standard, a plaintiff must demonstrate that prison officials knew that he faced a substantial risk of serious harm and that they disregarded that risk by failing to take reasonable measures to abate it. Farmer v. Brennan, 62 U.S.L.W. 4446, 4449 (U.S. June 6, 1994).
 
 
 18
 When the defendant is in a supervisory position, the plaintiff must show that the defendant promulgated a policy that set in motion the series of events resulting in the constitutional deprivation, or that he condoned the actions of his subordinates after the fact. Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir.1991); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).
 
 
 19
 Washington contends that the district court's failure to address his outstanding motions to compel discovery precluded him the opportunity to successfully challenge defendants' motion for summary judgment. Thus, Washington argues, the district court erred when it denied his request to continue defendants' motion for summary judgment to allow him additional time to complete his discovery. This contention has merit with respect to defendant Borg's liability.[1]
 
 
 20
 First, Washington filed four pleadings requesting that defendants comply with his request for production of certain documents and respond to certain interrogatories relevant in establishing Borg's liability.[2] Thus, Washington demonstrated that he diligently pursued his previous discovery opportunities. See California Union Ins., 914 F.2d at 1278.
 
 
 21
 Second, to prove his case against Borg, Washington was able to independently produce two pieces of evidence without the aid of discovery: (1) testimony from the prison nurses claiming that they had seen "six or seven scaldings" in the six months' preceding his injury; and (2) a memorandum from Chief Deputy Warden Theo White addressed to "all inmates" dated approximately one month after his assault, which acknowledged that there had been another hotpot scalding incident within that last month. To support these allegations, Washington sought the production of departmental memoranda regarding: (1) other hotpot scalding attacks in the last seven years; and (2) the confiscation of hotpots at Old Folsom State Prison. Washington also requested that the defendants respond to his interrogatories regarding the number of hotpot scalding attacks in the last seven years and the reasons behind Old Folsom's decision to confiscate hotpots. With this additional evidence, Washington could have established that there was a genuine issue as to whether Borg was deliberately indifferent to the threat of an inmate misusing a hotpot to scald another inmate. See Farmer, 62 U.S.L.W. at 4449; Larez, 946 F.2d at 646; Leer, 844 F.2d at 633; Berg, 794 F.2d at 460; Johnson, 588 F.2d at 743.
 
 
 22
 Thus, Washington has shown that additional discovery from either the production of documents or the interrogatories would have assisted in precluding summary judgment for at least defendant Borg. See California Union Ins., 914 F.2d at 1278. Accordingly, the district court abused its discretion in denying Washington's requests for additional discovery, before granting summary judgment for defendant Borg. See Liberty Lake Inv., Inc., 12 F.3d at 160.
 
 
 23
 3. Denial of motion for appointment of counsel
 
 
 24
 The denial of a motion for appointment of counsel under 28 U.S.C. Sec. 1915 is reviewed for abuse of discretion. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986).
 
 
 25
 The district court is authorized to appoint counsel to represent indigent civil litigants under 28 U.S.C. Sec. 1915(d). Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir.1984). A court may appoint counsel only in "exceptional circumstances." Id.; United States v. Madden, 352 F.2d 792, 794 (9th Cir.1980). A finding of exceptional circumstances requires an evaluation of both " 'the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' " Wilborn, 789 F.2d at 1331 (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.1984)).
 
 
 26
 Washington contends that the court erred when it failed to appoint him counsel. This contention lacks merit. First, the district court properly found that Washington failed to establish any likelihood of success on the merits of his claims as he brought forward no evidence in support of them. Second, Washington's pleadings appeared articulate and organized, given the fact that the legal issues were not complex, and hinged more on factual disputes. Thus, because Washington did not and cannot show that exceptional circumstances exist, the district court did not abuse its discretion in denying his motion for appointment of counsel. See Wilborn 789 F.2d at 1331; Franklin, 745 F.2d at 1236; Madden, 352 F.2d at 794.
 
 
 27
 Accordingly, because the district court abused its discretion by granting defendant's motion for summary judgment before allowing Washington an opportunity to complete his discovery, this case is remanded to the district court for further proceedings See Liberty Lake Inv., Inc., 12 F.3d at 160; California Union Ins., 914 F.2d at 1278.
 
 
 28
 AFFIRMED in part, VACATED in part AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Washington failed to make the request to reopen discovery specifically under Rule 56(f), Washington did request to reopen discovery in light of his pending motion to compel discovery, which is sufficient to raise a Rule 56(f) consideration. See Hancock v. Montgomery Ward Long Term Disability Trust, 787 F.2d 1302, 1306 (9th Cir.1986) (a pending motion to compel discovery is sufficient to raise a Rule 56(f) consideration)
 
 
 [2]
 (a) In April 1992, Washington filed a motion styled "MOTION TO COMPEL PRODUCTION OF DOCUMENTS," requesting that defendants produce certain documents relevant to his action and that defendants respond to the interrogatories he propounded
 (b) In May 1992, Washington filed a status report inquiring as to the reason why the court had not addressed his discovery requests.
 (c) In September 1992, Washington filed a second motion to compel discovery and requested an extension of time to complete his discovery.
 (d) In January 1993, Washington filed an opposition to defendants' motion to summary judgment where he explained that the defendants had not cooperated with his discovery requests.