**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Nathan J. WARREN, Jr., et al., Defendants-Appellees.**

No. 79–1039.

United States Court of Appeals, Ninth Circuit.

July 30, 1979.

---

472

Morton Sitver, Chief Asst. U. S. Atty., Phoenix, Ariz., for plaintiff-appellant.

Tom Karas, M. Jeremy Toles, Dennis J. Skarecky, Phoenix, Ariz., David S. Hoffman, Tucson, Ariz., Joseph Claro, John Claro, Oklahoma City, Okl., for defendants-appellees.

Before SNEED and ANDERSON, Circuit Judges, and PORT *, District Judge.

PER CURIAM:

The United States (plaintiff-appellant) appeals from a dismissal of an indictment against Nathan Warren, Jr., and thirteen codefendants (defendants-appellees). The district court dismissed the indictment pursuant to local practice rule 11(g) of the United States District Court, District of Arizona. On appeal, the sole issue is whether the court erred in dismissing the indictment under the authority of local rule 11(g). This court has jurisdiction pursuant to 18 U.S.C. § 3731 and 28 U.S.C. §§ 1291, 1294. We affirm.

## I. FACTS

On November 16, 1977, a federal grand jury returned an indictment against the named codefendants. The indictment charged interstate transportation of stolen property and mail fraud, violations of 18 U.S.C. §§ 2314 & 2 and 18 U.S.C. §§ 1341 & 2, respectively.

The final day to respond to all motions was October 30, 1978. Appellant failed to meet this deadline; over forty motions were left unanswered. Of greater importance, they failed to respond to any of the motions to dismiss the indictment. Thereafter, a motion for summary dismissal of the indictment pursuant to rule 11(g) of the district court was filed. The rule provides that a failure to respond to a motion "shall constitute a consent" to the motion.[1] Appellant was served with an 11(g) motion, as well as a letter detailing the appellee's position under the rule. Again appellant failed to respond.

At the November 21, 1978 pretrial hearing, appellant asserted that failure to respond was an oversight only discovered that day, although the Assistant United States Attorney in charge of the case was personally served with the moving papers twelve days earlier. Upon the basis of the Rule 11(g) motion, the district court dismissed the indictments. This appeal followed.

## II. DISCUSSION

It is undisputed that district courts have the authority to "prescribe rules for the conduct of their business" in any manner not inconsistent with the federal rules or Acts of Congress. *Hicks v. Bekins Moving & Storage*, 115 F.2d 406 (9th Cir. 1940); *United States v. Simmons*, 476 F.2d 33 (9th Cir. 1973); 28 U.S.C. § 2071; *see* Fed.R.Crim.P. 57. Promulgation of such rules is proper. Rule 11(g) was so promulgated and is valid.

Appellant's attack on Rule 11(g) and its application by the district court has two prongs. The first is that Rule 11(g) is defective because it deprives the district judge of discretion in determining whether a failure to respond to a motion should be deemed its consent. The second prong is that in fact the district judge did not exercise discretion in applying the rule believing, the appellant suggests, that Rule 11(g) afforded no discretion. We believe the appellant is mistaken in both respects.

Rule 11(g) does afford discretion in its application despite its mandatory language. "Consent" when imposed by rules such as 11(g) can be "withdrawn" by "permission" of the court given in its "discretion." That is, fictional "consent" under Rule 11(g) is never a burden from which the transgressor can not be relieved. It is of no consequence whether one views Rule 11(g) as affording the court discretion to determine when a failure to respond should be deemed consent or to determine when he who has failed to respond should be relieved of the burden of consent. Either way the

* Honorable Edmund Port, Senior Judge, United States District Court for the Northern District of New York, sitting by designation.

1. Rule 11(g) provides:
   "MOTIONS—CIVIL AND CRIMINAL
   (g) Briefs or Memoranda of Law

   A failure to file a brief or memorandum of points and authorities in support of or in opposition to any motion shall constitute a consent of the party failing to file such a brief or memorandum to the denial or granting of the motion."

administration of the rule inescapably will embody discretion.

 And so it did here. In making his decision the trial judge identified the government's conduct, its failure to respond to numerous motions, and its subsequent admission at the pretrial hearing as factors he considered in applying Rule 11(g). Moreover, he pointed to the earlier unsuccessful trial of the major participants in the schemes in which appellees were but minor participants. This reflects the weighing and balancing of which the exercise of discretion consists.

We shall not disturb this exercise of the trial court's discretion. Only in rare cases will we question the exercise of discretion in connection with the application of local rules. This is not one of those infrequent cases. Therefore, we hold the district court did not err in dismissing the indictments.

AFFIRMED.