**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**James David KIMMEL,
Defendant-Appellee.**

No. 83–1149.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 1984.

Decided Aug. 28, 1984.

R. Michael Burke, Asst. U.S. Atty., Honolulu, Hawaii, for plaintiff-appellant.

Benjamin B. Cassiday, III, Asst. Federal Public Defender, Honolulu, Hawaii, for defendant-appellee.

Before WALLACE, FLETCHER and FERGUSON, Circuit Judges.

FERGUSON, Circuit Judge:

The government appeals the district court's dismissal of the indictment against James David Kimmel after this court reversed Kimmel's original conviction and remanded his case for a new trial. The government contends that the district court erred in concluding that retrial of Kimmel would violate Kimmel's due process rights and that the district court abused its discretion in using its supervisory powers to dismiss the indictment. We affirm the district court's dismissal on due process grounds.

FACTS

On February 22, 1980, James Kimmel was indicted on one count of conspiracy and four counts of distribution of LSD, under 21 U.S.C. §§ 846 and 841(a)(1). Kimmel conducted his own defense in a nonjury trial with the assistance of a court-appointed advisor. At trial, the government's case was submitted entirely by way of stipulated testimony. Kimmel then took the stand and admitted every element of the crimes charged. Kimmel's theories of defense were (1) entrapment and (2) that as a citizen of the "sovereign nation of Hawaii," he was not subject to the jurisdiction of the United States. Kimmel was found guilty on all five counts and was sentenced to ten years' imprisonment.

Kimmel appealed his convictions. On appeal, this court held that Kimmel did not receive the benefit of his constitutional right to legal representation at his trial and that the trial record did not show that Kimmel had made a knowing and intelligent waiver of his right to counsel. *See United States v. Kimmel*, 672 F.2d 720 (9th Cir.1982). The case was remanded to supplement the record on the issue of waiver. *Id.* at 722–23. On remand, the government was unable to offer additional evidence that Kimmel's waiver was knowing and intelligent, and therefore this court reversed Kimmel's convictions and remanded for a new trial. *Id.* at 732. In the meantime, Kimmel had served over two years of his sentence.

On January 24, 1983, Kimmel, through court-appointed counsel, filed a motion in the district court to dismiss the indictment against him on due process and double jeopardy grounds. The government did not file an opposition to the motion to dismiss, but orally opposed the motion at the hearing. On April 29, 1983, the district court granted Kimmel's motion from the bench "[f]or the reasons and argument stated in [defendant's] motion." On May 16, 1983, the court denied the government's motion for reconsideration and entered the order dismissing the indictment. The government filed a timely appeal.

DISCUSSION:

1. *Scope of Review*

At the outset, we note that the government's opposition to Kimmel's motion to dismiss before the district court consisted of a cursory oral statement at the hearing on the motion. In a brief statement, the government noted that there was a question whether Kimmel had been prejudiced and contended that the appropriate time to ascertain whether Kimmel suffered any prejudice from the absence of counsel was at the conclusion of his retrial. The government did not file a written opposition to Kimmel's motion to dismiss, nor did it request an evidentiary hearing at which Kimmel would be required to prove his allegations of prejudice. Kimmel therefore contends that the government has waived its right to challenge the dismissal on appeal.

Rule 345–2(b) of the Rules of the District Court of the District of Hawaii provides that:

> Each party opposing any motion *shall* serve the adverse party with and file a memorandum in opposition to the motion which includes a brief and complete statement of the facts and all points and authorities upon which he or she intends to rely. (emphasis added).

Rule 220–11 further provides that "[t]he Court need not consider motions, oppositions to motions, or briefs or memoranda that are not in compliance with Local Rules." Even though an opposition was not filed, the district court did allow the government to speak orally on Kimmel's motion to dismiss at the hearing.

The government contends on appeal that its failure to file a written opposition to Kimmel's motion is excused because Kimmel failed to set out a hearing date on the motion to dismiss the indictment at the time the motion was filed. Further, the government alleges that the assigned prosecutor never received the notice of motion that was eventually filed by Kimmel.

The government, however, raised neither of these contentions before the district

court, the appropriate forum for doing so. Although the government asserts that the prosecutor made an informal attempt with the court clerk to have the hearing postponed, the prosecutor never made a request for a continuance of the hearing on the record on the ground that the prosecution was not properly served or was unprepared. Nor were these contentions raised in the government's motion for reconsideration of the order granting Kimmel's motion to dismiss. We therefore do not consider the government's allegations of excuse on appeal.

Thus, the initial question before us is whether the government's failure to file a written opposition to Kimmel's motion to dismiss forecloses its right to challenge the dismissal on appeal. In *United States v. Warren*, 601 F.2d 471 (9th Cir.1979), this court held that the district court did not abuse its discretion in dismissing indictments when the government had failed to respond to the motion to dismiss. The local rules of the district court in *Warren* were similar to the rules involved here in that they gave the court discretion to conclude that a failure to respond constituted consent to the motion. The difference between *Warren* and the present case is that in *Warren* the district court dismissed the indictments expressly on the ground that the government failed to comply with the local rules. Here, the district court allowed the government to orally oppose Kimmel's motion, and apparently, the motion was granted on the merits. The government's failure to file a written opposition, however, was one of the express reasons the district court referred to in denying the government's motion for reconsideration.

We do not decide here whether the government's conduct totally forecloses its right to review of the dismissal of the indictment because we find the record supports the district court's dismissal on due process grounds. In reviewing the due process claim, however, our review is limited to those issues actually raised by the government before the district court at the hearing on the motion to dismiss. *See*

*Steagald v. United States*, 451 U.S. 204, 209, 101 S.Ct. 1642, 1646, 68 L.Ed.2d 38 (1981) ("The Government ... may lose its right to raise factual issues of this sort before this Court ... when it has failed to raise such questions in a timely fashion during the litigation."); *United States v. Gonsalves*, 675 F.2d 1050, 1055 n. 9 (9th Cir.), *cert. denied*, 459 U.S. 837, 103 S.Ct. 83, 74 L.Ed.2d 78 (1982) (government waived right to raise issue by waiting until after four days of hearings and the dismissal of the indictment).

2. *Due Process*

■ Kimmel's original conviction was reversed because he did not receive the benefit of his constitutional right to legal representation at his trial and because the trial record did not show that Kimmel had made a knowing and intelligent waiver of that right. Dismissal of an indictment can be appropriate when the defendant has made a showing of actual prejudice. *See, e.g., United States v. Morrison*, 449 U.S. 361, 365, 101 S.Ct. 665, 668, 66 L.Ed.2d 564 (1981). The government contends on appeal that the district court erred in dismissing the indictment because Kimmel did not make a showing of actual prejudice to his defense and because any prejudice resulting from retrial could be ascertained only after completion of the second trial.

The *Morrison* Court held that dismissal of the indictment is an inappropriate remedy when there has been no showing of actual or threatened adverse effect upon the effectiveness of counsel's representation or some other prejudice to the accused's defense. *Id.* at 365, 101 S.Ct. at 668. In *Morrison*, the defendant's motion to dismiss alleged only that the behavior of government agents had "interfered" in some unspecified way with defendant's right to counsel. The claim of "interference" was unaccompanied by any specific allegation of prejudice to the defendant's case. Similarly, in *United States v. Swacker*, 628 F.2d 1250 (9th Cir.1980), and *United States v. Stone*, 633 F.2d 1272 (9th Cir. 1979), defendants' general conclusory alle-

gations of "tactical disadvantage" and "impairment of memories" were held to be insufficient to demonstrate the prejudice or substantial threat of prejudice that is required to support dismissal of the indictment.

Unlike the defendants in the cases cited by the government, Kimmel asserted specific instances of prejudice to his defense in his motion to dismiss: (1) that it would be extremely difficult to reconstruct Kimmel's mental condition at the time of the offense, especially in light of the fact that Kimmel has spent the last two years undergoing drug therapy; (2) that Kimmel had lost the right to cross-examine government witnesses at his original trial because he allowed the government to proceed by way of stipulated testimony; and (3) that Kimmel admitted to every element of the offenses charged at the original trial and he is effectively prevented from taking the witness stand in a subsequent trial, thus precluding any possibility of raising an entrapment defense at retrial.

■ The government did not challenge Kimmel's specific allegations of prejudice at the time of the hearing in the district court, but instead inappropriately asks this court to make the initial evaluation of Kimmel's allegations. Had the government wished to challenge the merits of Kimmel's claims of prejudice, the appropriate time to do so was at an evidentiary hearing before the district court. *See United States v. Kobrosky*, 711 F.2d 449, 457 (1st Cir.1983) ("We are an appellate tribunal, not a *nisi prius* court; evidentiary matters not first presented to the district court are ... not properly before us."). In light of the government's failure to rebut Kimmel's specific allegations of prejudice before the district court, we hold that Kimmel's unchallenged allegations support a finding of substantial prejudice sufficient to warrant dismissal of the indictment on due process grounds.

The government's assertion that the district court could ascertain prejudice to Kimmel's defense only after completion of the second trial is incorrect. *Carden v. Montana*, 626 F.2d 82 (9th Cir.), *cert. denied,* 449 U.S. 1014, 101 S.Ct. 573, 66 L.Ed.2d 473 (1980), cited by the government to support this contention, involved petitioners' attempt to seek preconviction habeas relief from a state criminal proceeding. In holding that the petitioners should proceed to trial before raising their speedy trial claims in a habeas action, the court based its decision on comity and abstention concerns. And in *United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1976), another case cited by the government to support its proposition, the Court specifically declined to address the contention, raised for the first time in the Supreme Court, that the district court should have deferred acting on the motion to dismiss until after trial. *Id.* at 788 n. 7, 97 S.Ct. at 2048 n. 7. Finally, in *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), the Court held that the appellees' pretrial due process claims based on preindictment delay were speculative and premature because appellees failed to claim or prove any specific prejudice resulting from the delay. *Id.* at 325–26, 92 S.Ct. at 466. Nonetheless, the Court noted that this did not foreclose the possibility that the appellees would be able to demonstrate actual prejudice after trial. *Id.* at 326, 92 S.Ct. at 466.

The government failed to respond to Kimmel's motion to dismiss in the district court except for a cursory oral statement that the district court should wait until after retrial to evaluate Kimmel's claims of prejudice. Kimmel's motion stated that the absence of assistance of counsel at his first trial had prejudiced his ability present a complete defense at his retrial, and set forth specific allegations of how his defense had been prejudiced. Especially in light of the government's failure to contest Kimmel's allegations in the district court, the court did not err in dismissing the indictment on the ground that retrial would violate Kimmel's due process rights.

Because we hold that the district court did not err in dismissing the indictment on due process grounds, we do not reach the

government's contention that the district court abused its discretion in dismissing the indictment under its supervisory powers. We also do not reach the question whether Kimmel's retrial would have violated principles of double jeopardy.

The district court's dismissal of the indictment is

AFFIRMED.