867 F.2d 614
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 John WILLIAMS, Plaintiff-Appellant,
v.
Robert K. CORBIN, et al., Defendant-Appellee.
 No. 87-1659.
 United States Court of Appeals, Ninth Circuit.
 Submitted* Jan. 26, 1989.
Decided Jan. 30, 1989.
 Before HUG, SCHROEDER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Williams (Williams) appeals pro se the district court's grant of Robert K. Corbin, et al.'s (Corbin) motion to dismiss Williams's civil rights action under 42 U.S.C. Sec. 1983. We reverse and remand.
 
 
 3
 The district court determined that Williams consented to Corbin's motion to dismiss by failing to file an opposing brief or memorandum. Williams contends that the district court erred in applying the United States District court rules for the District of Arizona, Rule 11(h), which states that a party deems to consent to any motion that it fails to oppose.[1] Williams' efforts to respond show that he did not consent to Corbin's motion to dismiss under Rule 11(h). See Loya v. Desert Sands Unified School District, 721 F.2d 279, 280-81 (9th Cir.1983) (stating that local rules should not be applied to defeat altogether a litigant's access to the courts).
 
 
 4
 Williams, an Arizona state prisoner, filed a civil rights complaint under 42 U.S.C. Sec. 1983 on June 3, 1986 against Robert K. Corbin, (Corbin) the State of Arizona's Attorney General and ten other named defendants alleging several constitutional violations. The district court twice granted Corbin's motions for an extension of time to file an opposition to Williams's complaint. On August 29, 1986, Corbin filed a motion to dismiss Williams's complaint for lack of subject matter jurisdiction and failure to state claim and alternatively a motion for a more definite statement.
 
 
 5
 On September 9, 1986 the magistrate ordered that Williams had until October 2, 1986 to file an opposition to Corbin's motion. Williams made a motion for an extension of time to respond to Corbin's motion to dismiss which the district court granted on October 29, 1986 allowing Williams until November 10, 1986 to file his opposition.
 
 
 6
 Williams attempted to respond to the Corbin's motion to dismiss on November 9, 1986. The district court clerk received this response on November 13, 1986 and returned the response for noncompliance with the local rule 10(g) requiring a copy of the response for the District Court Judge. Williams subsequently attempted to file an opposition to Corbin's motion to dismiss four more times on November 25, 1986, December 8, 1986, December 23, 1986 and January 8, 1987. Each time, the district court clerk did not file Williams's response for a failure to comply with the local rules.
 
 
 7
 On January 15, 1987 the district court determined that plaintiff deemed to have consented to Corbin's motion to dismiss by failing to file an opposing memorandum or brief and dismissed Williams's complaint. Williams timely appeals.
 
 
 8
 District courts have the authority to prescribe rules for the conduct of their business in any manner not inconsistent with the federal rules or Acts of Congress. U.S. v. Warren, 601 F.2d 471, 473 (9th Cir.1979). However, local rules should not be applied to defeat altogether a litigants right to access to the court. Loya v. Desert Sands Unified School District, 721 F.2d 279, 280-81 (9th Cir.1983). The Arizona District Court's local rule which provides that a failure to file a brief or a memorandum in support of or opposition to any motion shall constitute a consent of the party failing to file, is a valid practice rule. Warren, 601 F.2d at 473. Despite this local rule's mandatory language, the district court has discretion in applying the rule. Id. The district court's exercise of discretion includes weighing and balancing factors to determine whether the party failing to file an opposition has consented. Id. at 473.
 
 
 9
 Here, Williams attempted several times to file an opposition to Corbin's motion to dismiss. There was no indication that Williams was dilatory in prosecuting his case. Although the magistrate warned Williams that a failure to file an opposition to Corbin's motion to dismiss would constitute a consent to the motion, Williams subsequently attempted to file a response but failed to do so because he did not comply with technical local rule requirements. It does not appear that the district court was even aware of Williams's efforts to file a response, or that the district court ever exercised any discretion in dismissing the complaint.
 
 
 10
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rule 11(h) of the United States District Court for the District of Arizona's Rule's of Practice states:
 "A failure to file a brief or memorandum of points and authorities in support of or in opposition to any motion shall constitute a consent on the part of the party failing to file such brief or memorandum to the denial or granting of the motion...."