962 F.2d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert S. WYLIE, Plaintiff-Appellant,
v.
Timothy FAUST, individually and as an agent of the State of
Nevada; Paul Jackson, individually and as an agent of the
State of Nevada; George Sumner; George Deeds; Marcia
Allen; Judy Hamilton, Defendants-Appellees.
 No. 89-15013.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 17, 1992.*
Decided April 30, 1992.
 
 Before SCHROEDER, LEAVY and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Wylie brought a civil rights action against the defendants (collectively "Faust") pursuant to 42 U.S.C. § 1983. The district court granted summary judgment in favor of Faust, and Wylie appeals. We assume without deciding that Wylie's notice of appeal was timely filed, thus vesting us with jurisdiction, and we affirm.
 
 
 3
 * Faust moved for summary judgment on September 1, 1988. Wylie did not file an opposition to the motion. On October 3, 1988, the district court entered an order acknowledging that Wylie's failure to respond ordinarily would result in the granting of Faust's motion pursuant to District of Nevada Local Rule 140-6, which states that the failure to oppose a motion constitutes consent to the granting of that motion. Nevertheless, the court gave Wylie additional time and ordered him to file a written response to Faust's motion no later than October 31, 1988. Wylie still failed to file a response. On November 21, 1988, the district court granted the motion for summary judgment on the ground that Wylie's continued failure to respond to the motion constituted consent to the granting of the motion pursuant to Local Rule 140-6.
 
 II
 
 4
 We review the district court's application of its Local Rules for abuse of discretion. See, e.g., Otto Preminger Films, Ltd. v. Qintex Entertainment, Inc. (In re Qintex Entertainment, Inc.), 950 F.2d 1492, 1498 (9th Cir.1991); United States v. Warren, 601 F.2d 471, 474 (9th Cir.1979). In this case, the district court gave Wylie two months in which to respond to Faust's motion, despite the fact that, pursuant to Local Rule 140-4, an opposing party generally is allowed only fifteen days in which to file an opposition to a motion. Notwithstanding the district court's generous grant of time, Wylie failed to either file an opposition or to offer any explanation for his failure to do so. Under these circumstances, the district court did not abuse its discretion in applying Local Rule 140-6 and granting Faust's motion for summary judgment.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3