50 F.3d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael C. MEEKS, Plaintiff-Appellant,
v.
Harold HUBER, individually, not in his official capacity, et
al., Defendants-Appellees.
 No. 94-55609.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1995.*
Decided March 9, 1995.
 
 Before: SNEED, POOLE and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael C. Meeks appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action for failure to prosecute. The district court dismissed Meeks's action pursuant to Local Rule 41-1 because he failed to perfect service of an amended complaint following remand from this court. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we vacate and remand.
 
 
 3
 On October 1, 1991, Meeks filed this action in the Southern District of California and requested in forma pauperis status. The district court granted Meeks's request to proceed in forma pauperis and dismissed his action sua sponte because it did not contain "a short and plain statement of the claim" showing entitlement to relief as required by Fed.R.Civ.P. 8(a). On October 21, 1991, Meeks sent notice to the district court of his change of address, and on October 31, 1991, he filed a timely notice of appeal.
 
 
 4
 On November 22, 1992, this court vacated the district court's dismissal and remanded with instructions to allow Meeks an opportunity to amend his complaint. On February 18, 1993, the district court issued an order notifying Meeks of the deficiencies in his complaint and allowing him 60 days to amend. The district court, however, sent the order to Meeks's prior address. On August 25, 1993, Meeks sent notice of a second change of address. On September 7, 1993, the district court issued an order to show cause why Meeks's action should not be dismissed for failure to prosecute, and mailed it to his new address. The district court received Meeks's objection to the order to show cause on September 20, 1993. Meeks claimed that he had not receive anything from the district court since November 1992, except the order to show cause, and that he could not perfect service of an amended complaint until the district court acted on this court's reversal order. On September 20, 1993, the district court granted Meeks 60 days to perfect service and informed Meeks that the court could not provide Meeks further assistance in perfecting service. On March 3, 1994, the district court dismissed Meeks's action for failure to prosecute and failure to amend his complaint. Meeks timely appeals.
 
 
 5
 Meeks contends that the district court abused its discretion by dismissing his action for failure to prosecute and failure to amend without providing him a copy of its February 18, 1993 order. This contention has merit.
 
 
 6
 We review for abuse of discretion the district court's dismissal pursuant to S.D.Cal.R. 41-1. See United States v. Warren, 601 F.2d 471, 474 (9th Cir.1979).
 
 
 7
 Under Rule 41-1 an action that has been pending for more than six months, without any proceeding, may be dismissed by the court for want of prosecution. S.D.Cal.R. 41-1(a). Before dismissing the action, however, the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986). If the district court does not consider these factors explicitly, we review the record independently to determine whether the district court abused its discretion. Id. at 1424.
 
 
 8
 An independent review of the record demonstrates that the district court abused its discretion by dismissing Meeks's action. The record indicates that Meeks did not receive a copy of the district court's February 18, 1993 order notifying him of the deficiencies in his complaint and allowing him leave to amend. Although it appears that the district court inadvertently sent the order to Meeks's prior address, this error should have been corrected after the September 20, 1993 hearing because Meeks informed the court that he had not received anything from the court since November 1992, and a review of the record would have indicated that the February 18, 1993 order was sent to the wrong address. Because the district court failed to provide Meeks with a copy of the district court's February 18, 1993 order, Meeks was not informed of the deficiencies in his complaint or given an opportunity to amend. See McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir.1992) (district court must provide a pro se litigant notice of the deficiencies in his complaint and leave to amend). Accordingly, the district court abused its discretion by dismissing his action for failure to prosecute and failure to amend. See Warren, 601 F.2d at 474.
 
 
 9
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3