145 F.3d 1340
 2 Cal. Bankr. Ct. Rep. 40
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re: RIVER PROCESSING, INC. Debtor
Vannoy CULPEPPER, Interim Trustee Plaintiff
v.
U.S. Bank of Washington, N.A. Defendant-Appellee
v.
CLASSIC FRUIT BROKERAGE, INC. Defendant-Appellant.
 No. 96-35354.
D.C. No. CV-95-03177-AAM.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1998.
Decided May 15, 1998.
 
 1
 Appeal from the United States District Court for the Eastern District of Washington Alan A. McDonald, District Judge, Presiding.
 
 
 2
 Before THOMPSON and TASHIMA, Circuit Judges, and STAGG, District Judge.**
 
 
 3
 MEMORANDUM*
 
 
 4
 Classic Fruit Brokerage, Inc. filed a cross-claim against U.S. Bank of Washington, N.A., alleging that funds U.S. Bank had obtained from River Processing, Inc. were subject to Classic Fruit's claim under the Perishable Agriculture Commodities Act (PACA), 7 U.S.C. § 499a et seq. This was a "non-core" proceeding which was tried in the bankruptcy court and came to the district court upon the bankruptcy court's proposed findings of fact and conclusions of law. See 28 U.S.C. § 157(c)(1). U.S. Bank objected to the proposed findings and conclusions, and moved in the district court to dismiss the cross-claim. Classic Fruit filed no opposition. The district court granted the unopposed motion and dismissed the cross-claim. Classic Fruit appeals. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 5
 In granting the motion to dismiss, the district court relied in part on Rule 7(h)(5) of the Local Rules of the Eastern District of Washington. That Rule provides: "A failure to timely file a memorandum of points and authorities in support of or in opposition to any motion may be considered by the court as consent on the part of the party failing to file such memorandum to the entry of an Order adverse to counsel in default." The district court also relied on its earlier decision in a related proceeding. In that related proceeding, Classic Fruit had filed a counterclaim in an interpleader action in River Processing's Chapter 11 bankruptcy, contending its claim as a creditor of River Processing was entitled to the benefits of the PACA. The bankruptcy court had ruled in favor of Classic Fruit, but on appeal the district court reversed. It held that Classic Fruit was not entitled to PACA trust benefits. This is the same issue Classic Fruit presented by its cross-claim in the present case.
 
 
 6
 We review for abuse of discretion a district court's order granting a motion to dismiss when the court relies on a local rule permitting it to consider a party's failure to oppose a motion as consent to the granting of the motion. United States v. Warren, 601 F.2d 471, 474 (9th Cir.1979) (cited for support in United States v. Real Property Located at Incline Village, 47 F.3d 1511, 1520 (9th Cir.1995), rev'd on other grounds, 517 U.S. 820, 116 S.Ct. 1777, 135 L.Ed.2d 102 (1996)).
 
 
 7
 Here, the district court did not abuse its discretion. In addition to considering Classic Fruit's non-opposition, the district court also considered its earlier resolution of the same issue against Classic Fruit in the related counterclaim proceeding. This kind of decisionmaking "reflects the weighing and balancing of which the exercise of discretion consists." Warren, 601 F.2d at 474.
 
 
 8
 AFFIRMED.
 
 
 
 **
 Honorable Tom Stagg, Senior United States District Judge for the Western District of Louisiana, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3