**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Michael A. MCKEAN, Defendant–**
**Appellant.**

No. 00–35447.
D.C. No. CV–96–05879–FDB.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 7, 2002.*

Decided Aug. 19, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before NOONAN, HAWKINS and GOULD, Circuit Judges.

MEMORANDUM **

Appellant Michael A. McKean timely appeals the district court's "Order Closing Receivership and Determining Final Costs" of April 18, 2000. As part of this appeal, McKean requests that we review two earlier orders: the "Order for Final Judgment" of November 20, 1998, and the "Order Denying Motion to Alter Judgment" of January 5, 1998, which denied reconsideration of the "Order for Final Judgment." Because the "Order for Final Judgment," determined liability but not damages, it was interlocutory in nature. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1473 (9th Cir.1997). We therefore have jurisdiction to review it. We lack jurisdiction to review the "Order Denying Motion to Alter Judgment," because McKean's motion to alter judgment, whether analyzed under Fed.R.Civ.P. 59 or 60, was itself untimely,[1] as such motions are only available for relief from final judgments. *See United States v. Martin*, 226 F.3d 1042, 1048 & n. 8 (9th Cir.2000).

■ The partial summary judgment, entitled "Order for Final Judgment," determining that McKean would be liable for one-half of the fees of the receivership was issued under Local Rule 7(b)(4). Judgments entered under local rules because of a party's failure to oppose a motion are reviewed for abuse of discretion. *See United States v. Warren*, 601 F.2d 471, 474 (9th Cir.1979). "Only in rare cases will we question the exercise of discretion in connection with the application of local rules." *Id.* While the situation might be different in an appeal from a denial of a motion under Fed.R.Civ.P. 60(b), on this direct appeal, the district court's judgment is not one of those rare cases and the district court did not abuse its discretion in entering partial summary judgment against McKean because of his failure to oppose the government's motion for summary judgment.

■ McKean appeals the district court's decision in its "Order Closing Receivership and Determining Final Costs," to accept the receiver's costs and expenses as necessary and reasonable and in failing to hold an evidentiary hearing on McKean's objections to those costs. A district court has discretion in deciding whether to conduct an evidentiary hearing. *See McLachlan v. Bell*, 261 F.3d 908, 910 (9th Cir.2001). Similarly, a district court has wide discretion in supervising an equitable receivership. *See S.E.C. v. Hardy*, 803 F.2d 1034, 1037 (9th Cir.1986). In this case, McKean had opportunity to present his objections, based primarily on differing business judgment rather than reasonableness or necessity, to the receiver's costs and expenses. The district court did not abuse its discretion in refusing to conduct an evidentiary hearing on McKean's objections and in finding that the receiver's costs and expenses were reasonable and necessary.

For the reasons stated above, the judgment of the district court is AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The same is of course true for what McKean, in his briefs, calls his "second motion seeking relief from the summary judgment," which was similarly made before the partial summary judgment became final.