**Jonathan Karl LUNDH, Petitioner— Appellant,**

v.

**C.A. TERHUNE, Director, Respondent— Appellee.**

No. 00–55665.

D.C. No. CV–99–09172–VAP(CT).

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 16, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellant's April 30, 2002, request for oral argument is denied.

Before HUG, O'SCANNLAIN, and TASHIMA, Circuit Judges.

MEMORANDUM **

Jonathan Karl Lundh, a California state prisoner, appeals pro se the dismissal without prejudice of his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review for abuse of discretion, *see Pagtalunan v. Galaza,* 291 F.3d 639, 640 (9th Cir.2002), and we affirm.

Lundh contends that the district court erred by dismissing his 109–page petition because he failed to file an amended petition which complied with a local rule specifying that the maximum page length for memoranda and briefs is 25 pages.

A review of the record reveals that after receiving Lundh's petition, the magistrate judge dismissed it without prejudice with leave to amend, warning Lundh that failure to amend his petition within one month to comply with the 25–page limit would be construed as a consent to dismissal. The magistrate judge further cautioned Lundh that he was subject to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) statute of limitations, and that he should exhaust all claims before presenting them to the federal court. Thereafter, the magistrate judge granted three more extensions of time before recommending dismissal. The district court accepted the magistrate judge's recommendation and dismissed the petition without prejudice.

Reviewing the record independently and weighing the factors that a district court should consider before dismissing a case for failure to comply with a court order, *see Ferdik v. Bonzelet,* 963 F.2d 1258, 1260–61 (9th Cir.1992), we cannot say that the district court abused its discretion. *See Pagtalunan,* 291 F.3d at 643 (holding that district court did not abuse its discretion when dismissing defendant's 28 U.S.C. § 2254 petition with prejudice because defendant failed to comply with the court's order giving him leave to amend his petition by submitting it on the court's approved form and naming the proper respondents). *See also United States v. Warren,* 601 F.2d 471, 474 (9th Cir.1979) ("Only in rare cases will we question the exercise of discretion in connection with the application of local rules.").

All pending requests are denied.[1]

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. To the extent Lundh raises issues outside the scope of the COA, those issues are not properly before us. *See Hiivala v. Wood,* 195 F.3d 1098, 1102 (9th Cir.1999) (per curiam) (limiting review to issues in the COA).