**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| TRACY HAMPTON-STEIN, et al., | No. 10-56573 |
| Plaintiffs-Appellants, | 2:10-cv-03897-RGK-PJW |
| v. | |
| AVIATION FINANCE GROUP, LLC, et al., et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted February 13, 2012
Pasadena, California

Before:      FARRIS and W. FLETCHER, Circuit Judges, and KORMAN,
Senior District Judge.[**]

Plaintiff-Appellant Tracy Hampton-Stein ("Hampton") appeals from a district

court order granting defendants-appellees' anti-SLAPP motion and dismissing

Hampton's suit for malicious prosecution.  Hampton argues that the district judge

---

[*]      This disposition is not appropriate for publication and is not precedent except as
provided by 9th Cir. R. 36-3.

[**]      The Honorable Edward R. Korman, Senior United States District Judge for the
Eastern District of New York, sitting by designation.

should have denied the anti-SLAPP motion (1) because Hampton's malicious prosecution suit had the minimal merit necessary to survive, and (2) because the defendants failed to comply with certain procedural rules.

We review de novo the district court order granting the defendants' anti-SLAPP motion. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003). Upon such review, we conclude that the district court did not err in granting the defendants' anti-SLAPP motion on its merits.

To survive an anti-SLAPP motion, Hampton's complaint must be "legally sufficient and supported by a prima facie showing of facts to sustain a favorable judgment if the evidence submitted [by her] is credited." *Taus v. Loftus*, 40 Cal. 4th 683, 713-14 (2007) (quotations and citations omitted). Hampton's cause of action for malicious prosecution requires that, among other things, the prior action about which she complains—Aviation Finance Group's fraudulent conveyance suit—had been initiated with malice, which means having an improper motive for bringing the suit. *Drummond v. Desmarais*, 176 Cal. App. 4th 439, 449-51 (2009).

The fraudulent conveyance suit arose out of a loan taken by Hampton from Aviation Finance Group ("AFG") for the purchase of a jet. After Hampton defaulted on the loan, AFG won a judgment in Idaho (which was later domesticated in California) for the remaining balance and was also awarded immediate possession of

2

the jet. The fraudulent conveyance suit was based on what turned out to be the erroneous premise that Hampton's transfer of her home to a trust for the benefit of her daughter was fraudulent under California law.

Hampton argues that the lack of probable cause for AFG's fraudulent conveyance suit is evidence of malice when AFG and its attorneys are sophisticated and should, or likely did, know it was meritless. A lack of probable cause can support an inference of malice, but it is insufficient evidence by itself. *See Drummond*, 176 Cal. App. 4th at 452. This is particularly true when the evidence suggests that AFG voluntarily withdrew its complaint as soon as it became apparent that it was based on a mistaken premise.

Nor is the other evidence upon which Hampton relies sufficient to show malice. AFG President Jerry Dunn allegedly made menacing comments to Hampton. Nevertheless, as the district court correctly held, these crude comments focused on recovering money from Hampton and show "that Defendants' motive in filing the Conveyance Suit was to obtain repayment on the loan" owed by Hampton to AFG. Moreover, while AFG's alleged failure to properly maintain the private jet it repossessed from Hampton may affect AFG's recovery under the Idaho judgment, it is not evidence of malice.

3

Finally, the district court did not abuse its discretion in refusing to deny the anti-SLAPP motion under Local Rule 7-3, nor did it abuse its discretion in ruling that the motion was timely under Cal. Code Civ. Proc. § 425.16(f). We rarely question a district judge's discretion in applying the local rules, *see United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979), and the language of § 425.16(f) (motion "may be filed . . . , in the court's discretion, at any later time upon terms it deems proper") plainly allows a district judge to determine when a motion is timely filed.

AFFIRMED.