CLIFTON, Circuit Judge,
dissenting:
I respectfully dissent. In my view, the dismissal of Moore’s habeas petition should be affirmed for two independently sufficient reasons.
First, the district court properly relied on Moore’s failure to oppose the State’s motion to dismiss as an alternative basis for dismissing the petition. The Central District of California Local Rules require that opposing papers be filed in response *897 to a motion to dismiss and provide that failure to do so may be deemed consent to the granting of the motion. Our case law establishes that “pro se litigants are bound by the rules of procedure,” and that “[failure to follow a district court’s local rules is a proper ground for dismissal.” Ghazali v. Moran, 46 F.3d 52, 53, 54 (9th Cir.1995) (per curiam). Based on its independent review of the record, the majority concludes that the district court abused its discretion when it dismissed the petition. I respectfully disagree with that conclusion. “Only in rare cases will we question the exercise of discretion in connection with the application of local rules. This is not one of those infrequent cases.” United States v. Warren, 601 F.2d 471, 474 (9th Cir.1979) (per curiam).[1]
Second, I believe the majority’s decision to remand this case to the district court to “develop[ ] ... the record” runs afoul of Cullen v. Pinholster, 563 U.S. 170, 131 S.Ct. 1388, 179 L.Ed.2d 557 (2011). Pin-holster teaches that a federal court’s “review under § 2254(d)(1) is limited to the record that was before the state court.” Id. at 1398. The actual innocence claim was raised in Moore’s state habeas petition. Moore could have sought to develop the record by filing a petition in the state trial court first, but instead he went straight to the California Supreme Court pursuant to that court’s “original writ” system. See Cal. Const. ÁRT. VI, § 10 (“The Supreme Court, courts of appeal, superior courts, and their judges have original jurisdiction in habeas corpus proceedings.”); see also Brian R. Means, Post-conviCtion Remedies § 2:5 (2014 ed.) (“[T]he superior courts, of course, are better suited to fact-finding, and the appellate courts may decline to exercise their original jurisdiction over the [habeas] petition.”) (footnote omitted). Having failed to develop the factual record in state court, Moore cannot now do so in the first instance in federal court.
I would affirm the dismissal of the petition.

. The majority suggests, at 3, that it was error for the district court to ignore Moore’s claim under McQuiggin v. Perkins, - U.S. -, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013), because "a prisoner who makes a credible showing of actual innocence may ‘pursue his constitutional claims ... on the merits notwithstanding the existence of a procedural bar to relief.’ ” What that requires is a "credible showing,” however. Perkins, 133 S.Ct. at 1931. Moore has made no "showing” of any kind, let alone a credible one. A claim of innocence supported by no evidence at all is not enough.