**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 7 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL P. CLARKEN, | No. 15-16065 |
| Plaintiff-Appellant, | D.C. No. 4:12-cv-00907-BPV |
| v. | |
| PENNY S. PRITZKER, Secretary of the Department of Commerce[*]; UNITED STATES CENSUS BUREAU, | MEMORANDUM[**] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Bernardo P. Velasco, Magistrate Judge, Presiding[***]

Submitted October 25, 2016[****]

---

[*]     Penny S. Pritzker has been substituted for her predecessor, Rebecca M. Blank, as Secretary of the United States Department of Commerce under Fed. R. App. P. 43(c)(2).

[**]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***]     The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[****]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:     LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Michael P. Clarken appeals pro se from the district court's summary judgment in his action alleging employment discrimination under the Rehabilitation Act.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007), and we affirm.

The district court properly granted summary judgment because Clarken failed to raise a genuine dispute of material fact as to whether defendants' legitimate nondiscriminatory reasons for their actions were pretextual.  *See Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1175 (9th Cir. 1998) (applying *McDonnell Douglas* burden shifting to Rehabilitation Act claim); *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment.").

The district court did not abuse its discretion by considering defendants' statement of facts.  *See* L.R. Civ. 56.1(a); *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979) ("Only in rare cases will we question the exercise of discretion in connection with the application of local rules.").

**AFFIRMED.**