NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 23 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS C. CHAVEZ, Individually and as Special Administrator of the Estate of Marcario Araujo Chavez,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY; et al.,<br><br>        Defendants-Appellees. | No.   21-15599<br><br>D.C. No.<br>1:17-cv-00446-LEK-RT<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted February 18, 2022[**]
Honolulu, Hawaii

Before: HAWKINS, R. NELSON, and FORREST, Circuit Judges.

Appellant Luis C. Chavez (individually and on behalf of the Estate of

Marcario Araujo Chavez) ("Appellant") appeals the district court's summary

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judgment grant to Deutsche Bank National Trust Company, et al. ("Deutsche Bank"). We affirm.

On appeal, Chavez challenges the court's ruling regarding his breach of contract claim. Deutsche Bank asserted below, and the district court agreed, that Chavez was precluded from bringing such a claim because, among other things, he had defaulted under the mortgage contract by not making a payment on the loan since 2011. *Furuya v. Ass'n of Apartment Owners of Pac. Monarch, Inc.*, 375 P.3d 150, 164–65 (Haw. 2016). Chavez's arguments to the contrary fail. The lender was not required to apply tax and insurance escrow amounts towards principal and interest amounts due on the loan, as these sums were not payments on the loan, but projections held in reserve for the benefit of the lender to ensure payment of taxes and insurance on the mortgaged property. Deutsche Bank was also entitled under the contract to refuse Chavez's April 2011 payment of $4,400 because this amount was insufficient to bring the loan current.[1]

The district court did not abuse its discretion by denying Chavez's motion for reconsideration. Chavez attempted to make new arguments which could have been, but were not, made in response to the motion for summary judgment. The court was well within its discretion to refuse to consider these belated arguments. *Kona Enter.,*

---

[1] The district court did not abuse its discretion by denying Chavez leave to file a late responsive statement of facts. *See United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979) (per curiam).

*Inc. v. Estate of Bishop*, 229 F.3d 877, 890–91 (9th Cir. 2000). Nor can Chavez evade this rule by claiming he had been "abandoned" by counsel, who filed a timely opposition to the motion for summary judgment and argued the motion orally before the court. *Cf. Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010).

**AFFIRMED.**