**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 27 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | No. 23-55364 |
| Plaintiff-Appellee, | D.C. No. 2:20-cv-08985-FWS-DFM |
| v. | |
| FRANK O. EKEJIJA, | MEMORANDUM* |
| Defendant-Appellant, | |
| and | |
| PATRICK JEVON JOHNSON; et al., | |
| Defendants. | |

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | No. 23-55365 |
| Plaintiff-Appellee, | D.C. No. 2:20-cv-08985-FWS-DFM |
| v. | |
| FRANK O. EKEJIJA, | |
| Defendant-Appellant, | |
| NVC FUND, LLC, | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant-Appellant,

and

PATRICK JEVON JOHNSON,

Defendant,

CHARLES EVERETT, AKA Charly Everett,

Defendant.

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff-Appellee,

v.

CHARLES EVERETT, AKA Charly Everett,

Defendant-Appellant,

and

FRANK O. EKEJIJA; et al.,

Defendants.

No.    23-55395

D.C. No.
2:20-cv-08985-FWS-DFM

Appeal from the United States District Court
for the Central District of California
Fred W. Slaughter, District Judge, Presiding

Submitted January 27, 2025[**]

San Francisco, California

Before: FRIEDLAND, BENNETT, and BADE, Circuit Judges.

These consolidated cases stem from a civil enforcement action brought by the Securities and Exchange Commission ("SEC") against Appellants for violations of the Securities Act of 1933, 15 U.S.C. § 77a *et seq.*, and the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.* After granting summary judgment against Charles Everett (and denying his motion for reconsideration) and entering default judgments against Frank Ekejija and NVC Fund, LLC ("NVC Fund"), the district court entered final judgments against Appellants. Everett and Ekejija appeal pro se, and Ekejija also purports to appeal on behalf of NVC Fund. We have jurisdiction under 28 U.S.C. § 1291. We affirm in appeals No. 23-55395 (Everett) and No. 23-55364 (Ekejija) and dismiss appeal No. 23-55365 (NVC Fund).

1.     Everett appears to argue that the district court erred in granting summary judgment for the SEC because all the claims against him required the SEC to prove that there was injury to a person, damage to property, or breach of a contract with the SEC. But none of the claims required such proof. *See SEC v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1255 (9th Cir. 2013) (identifying elements to prove a violation of section 5 of the Securities Act of 1933, 15 U.S.C. § 77e); *Gebhart v.*

---

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*SEC*, 595 F.3d 1034, 1040 n.8 (9th Cir. 2010) (identifying elements to prove a section 10(b) claim, 15 U.S.C. § 78j(b), or Rule 10b-5 claim, 17 C.F.R. § 240.10b-5, and noting that the SEC need not prove loss causation or economic loss); *SEC v. Dain Rauscher, Inc.*, 254 F.3d 852, 855 n.2, 855–56 (9th Cir. 2001) (discussing elements to prove a violation of section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a)).

Everett also accuses the SEC and the district court of various violations, including statutory violations. The alleged violations appear to be based on these underlying premises: (1) the district court and SEC are illegitimate and thus lack any governmental authority; (2) it was improper for the SEC to bring an investigation and an enforcement action; (3) the district court was biased and colluded with the SEC; and (4) the district court and the SEC are "foreign agents" under the Foreign Agents Registration Act of 1938, 22 U.S.C. § 611 *et seq*.

Even assuming that the alleged violations are properly brought in this appeal and could amount to reversible error, the underlying premises on which they are based are meritless. Congress established the U.S. District Court for the Central District of California and the SEC. 28 U.S.C. § 84(c); 15 U.S.C. § 78d(a). Under the Securities Act of 1933 and the Securities Exchange Act of 1934, the SEC is authorized to investigate and bring enforcement actions, and the district courts have jurisdiction over such actions. 15 U.S.C. §§ 77t(a)–(b), 77t(d)(1), 77v(a), 78u(a)(1),

4

78u(d)(1), 78u(d)(3)(A), 78u(e), 78aa(a). Everett identifies no specific facts supporting his conclusory statements that the SEC's investigation or enforcement action was improper, or that the district court and SEC meet the statutory definition of an "agent of a foreign principal" under the Foreign Agents Registration Act, 22 U.S.C. § 611(c). Similarly, Everett's claim that the district court was biased and colluded with the SEC is unsupported and contrary to the facts in the record. Everett appears to rely only on the fact that the district court ruled against him. But "judicial rulings alone almost never constitute a valid basis for a [claim of] bias." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Other than the above meritless arguments, Everett makes no discernible argument about how the district court erred in granting summary judgment against him, imposing remedies on him, or denying his motion for reconsideration. He has therefore abandoned any challenge to those determinations. *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 140, 144 (9th Cir. 1992) (holding that issues not supported by argument in a pro se brief are abandoned), *as amended* (Oct. 8, 1993).

2. Ekejija largely raises the same arguments as Everett. He argues that there was no evidence of injury to a person, damage to property, or breach of a contract with the SEC. He also accuses the SEC and the district court of various violations based on the same underlying premises asserted by Everett. We reject those arguments for the same reasons discussed above.

5

Ekejija also argues that the district court abused its discretion in striking certain filings of his. The district court struck the filings because of Ekejija's inaction, noncompliance with the local rules, and failure to follow the court's orders that directed Ekejija to the relevant rules and advised him of resources available to pro se parties. There was no abuse of discretion. *See United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979) ("Only in rare cases will we question the exercise of discretion in connection with the application of local rules.").

Other than the above unavailing arguments, Ekejija makes no discernible argument about how the district court erred in entering default judgment against him, imposing remedies on him, or issuing its other rulings. He has therefore abandoned any challenge to those determinations. *See Acosta-Huerta*, 7 F.3d at 144.

3. Our court previously entered an order informing Ekejija that NVC Fund's appeal may be dismissed if no counsel filed a notice of appearance for NVC Fund. No. 23-55365, Dkt. No. 4; *see United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) ("A corporation may appear in federal court only through licensed counsel."). Ekejija, a non-attorney, may not represent NVC Fund. *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) ("Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him. He has no authority to appear as an attorney for others than himself." (citation omitted)). For that reason, we deny Ekejija's "Motion for

6

Joinder," which appears to be an attempt to represent NVC Fund. No. 23-55395, Dkt. No. 13; No. 23-55364, Dkt. No. 12; No. 23-55365, Dkt. No. 12. Because no attorney has entered an appearance for the entity, we dismiss NVC Fund's appeal.

**No. 23-55395: AFFIRMED.**

**No. 23-55364: AFFIRMED.**

**No. 23-55365: DISMISSED.**