NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 26 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID BJORNBAK; QIANG
BJORNBAK,

Appellants,

v.

LANNY JAY DUGAR,

Appellee.

No. 24-1003

D.C. No.
1:23-bk-1056

MEMORANDUM*

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Gary A. Spraker, Scott H. Gan, and Frederick Philip Corbit, Bankruptcy Judges,
Presiding

Submitted November 20, 2025**
Pasadena, California

Before: BYBEE, LEE, and DE ALBA, Circuit Judges.

Appellants David and Qiang Bjornbak seek review of the Bankruptcy

Appellate Panel's ("BAP") decision affirming the bankruptcy court's order

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

denying them relief under 11 U.S.C. § 727(a)(2)–(5). BAP affirmed the bankruptcy court's order on appeal pursuant to 28 U.S.C. § 158(b). We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1) and affirm.

The Court reviews the legal conclusions of BAP *de novo*. *In re Leavitt*, 171 F.3d 1219, 1222 (9th Cir. 1999). Because BAP's decision is based on the bankruptcy court's final order, the Court reviews the bankruptcy court's conclusions of law *de novo* and its factual findings for clear error. *Id.* The bankruptcy court's evidentiary rulings are reviewed for abuse of discretion. *Sonoda v. Cabrera*, 255 F.3d 1035, 1039 (9th Cir. 2001).

1. The Bjornbaks fail to demonstrate that the bankruptcy court abused its discretion when it denied their motion to deem facts admitted pursuant to Federal Rules of Civil Procedure 36(a)(3) and 36(b).[1] The bankruptcy court correctly applied the two-prong Rule 36(b) test and reasonably found that if it granted the Bjornbaks' motion, Dugar would not be able to testify about central facts regarding the Bjornbaks' claims for relief under 11 U.S.C. § 727(a) and that allowing amendment or withdrawal of Dugar's initial admissions would facilitate trying the case on its merits. Moreover, the bankruptcy court's decision to deny the motion left the Bjornbaks with the task of convincing the factfinder that previously

---

[1] Unless otherwise specified, all subsequent references to "Rule(s)" refer to the Federal Rules of Civil Procedure.

admitted facts are indeed true, which is not the prejudice contemplated by Rule

36(b). *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007). Additional

factors support the bankruptcy court's decision, such as the Bjornbaks' failure to

warn Dugar, who was proceeding pro se, about the consequences of failing to

properly respond.

2. The bankruptcy court did not clearly err when it held that the

Bjornbaks were not entitled to relief pursuant to 11 U.S.C. § 727(a)(2). At the

outset, many of the alleged dispositions fall outside the temporal scope of

§ 727(a)(2), which the Bjornbaks seemingly concede in their opening briefs to

BAP and this Court. The Bjornbaks also failed to present sufficient evidence to

demonstrate Dugar's ownership of real and personal property, horses, vehicles, and

various businesses (hereinafter referred to as the "Businesses").[2] The evidence the

Bjornbaks presented, at best, allows the factfinder to infer that Dugar may have

some association with the aforementioned items. However, this inference does not

prove, by a preponderance of the evidence, that Dugar not only had an ownership

interest in these items, but that he also disposed of them within one year of, or

after, filing his bankruptcy petition. Moreover, the record supports the bankruptcy

---

[2] The Businesses include, *inter alia*, American Top Remodeling ("ATR"),
Finest Home Remodeling, Inc. ("FHR"), California Preferred Builders ("CPB"),
Image Home Design, Inc. ("IHD"), Hi Tech Remodeling Group, Inc. ("HTRG"),
American Home Improvement, Inc. ("AHI"), and ALP Networks, Inc.

court's conclusion that any omissions from Dugar's schedules—such as the sale of a 2006 Mini Cooper in 2019—were inadvertent rather than intentional.

3.      The bankruptcy court correctly held that the Bjornbaks were not entitled to relief pursuant to 11 U.S.C. § 727(a)(3). The Bjornbaks' arguments presuppose that Dugar had an ownership interest in real and personal property, horses, vehicles, and the Businesses, and thus he failed to keep adequate records related to these items. However, as discussed *supra*, the Bjornbaks did not present sufficient evidence to prove that Dugar had an ownership interest in these items. Instead, the bankruptcy court reasonably concluded that Dugar's testimony was credible and provided justification for why he did not maintain any business records as required by § 727(a)(3)—e.g., Dugar's deteriorating health condition between 2014 and 2015 led to the dissolution of his contracting business and his insolvency, rendering filing tax returns unnecessary due to insufficient income.

4.      The bankruptcy court did not clearly err when it held that the Bjornbaks were not entitled to relief pursuant to 11 U.S.C. § 727(a)(4). The bankruptcy court reasonably found that the omissions in Dugar's schedules were honest mistakes. For instance, Dugar testified that (1) he omitted various creditors from his schedules because he believed they did not have viable claims against him; (2) although he forgot to disclose a civil lawsuit he filed against a third party, he filed a declaration to cure that omission; and (3) any inconsistencies related to

his residential address were a result of his transient lifestyle. Further, although the bankruptcy court acknowledged that some evidence supports a determination that Dugar should have but did not report either an ownership interest or his roles in CPB and IHD, the bankruptcy court reasonably credited Dugar's testimony explaining that he disassociated from CPB in 2013 and was neither IHD's director nor held any stocks of value in IHD. *See Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").

5. The bankruptcy court correctly held that the Bjornbaks were not entitled to relief pursuant to 11 U.S.C. § 727(a)(5). As discussed *supra*, the bankruptcy court reasonably found that Dugar provided an adequate explanation for the deficiency of his assets to meet his liabilities.

6. The bankruptcy court and BAP did not deny the Bjornbaks due process. The Bjornbaks had a full and fair opportunity to be heard, as extensively reflected by the record—e.g., the Bjornbaks presented hundreds of exhibits during motions practice, and at summary judgment and trial, which the bankruptcy court considered. Nor were the Bjornbaks prejudiced by the bankruptcy court and BAP's decision not to sanction Dugar for repeated violations of court rules and allegedly racist comments made to Qiang Bjornbak. First, "[o]nly in rare cases will we question the exercise of discretion in connection with the application of

local rules." *See United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979).

Because Dugar was proceeding in pro per, we will not question the bankruptcy court and BAP's exercise of discretion in this case. Moreover, almost all of the allegedly racist comments Dugar made happened before the BAP appeal and federal courts are vested "with power to impose silence, respect, and decorum, *in their presence . . . .*" *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (emphasis added).

**AFFIRMED.**[3]

---

[3]     The Motion for Sanctions (Dkt. No. 27) is DENIED. Although the online comments Dugar allegedly made during the course of this appeal are intolerable and erode the civility that is expected between litigants, this Court cannot sanction these comments. Specifically, the online comments did not (1) violate an order of this Court, *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001); (2) "abuse[] the judicial process," *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 102 (2017); or (3) "delay[] or disrupt[] the litigation," *Chambers*, 501 U.S. at 33.