**Diosdado ANDALLO, Plaintiff— Appellant,**

v.

**FEDERAL EXPRESS CORPORATION, Defendant—Appellee.**

No. 01–17007.

D.C. No. CV–99–05234–CW.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2002.*

Decided Dec. 13, 2002.

able for decision without oral argument. See

Before RYMER, THOMAS and SILVERMAN, Circuit Judges.

MEMORANDUM **

Diosdado Andallo appeals the district court's summary judgment with respect to his state tort claims arising from his employment termination. We have jurisdiction, 28 U.S.C. § 1291, and affirm. The parties are familiar with the facts, and, therefore, we only discuss those necessary to our analysis.

We review a grant of summary judgment *de novo. Margolis v. Ryan,* 140

Fed. R.App. P. 34(a)(2).

F.3d 850, 852 (9th Cir.1998). The court determines whether, viewing the evidence in the light most favorable to the non-moving party, there are any genuine issues of material fact precluding summary judgment, and whether the district court correctly applied the relevant substantive law. *Id.*

■ Andallo first contends that the district court abused its discretion by allowing separate statements of undisputed facts to be filed, and by accepting a late-filed reply-both allegedly in contravention of the district court's local rules. We disagree. We review the district court's interpretation and application of its local rules for abuse of discretion. *Miranda v. Southern Pac. Transp. Co.,* 710 F.2d 516, 521 (9th Cir.1983). "Only in rare cases will we question the exercise of discretion in connection with the application of local rules." *United States v. Warren,* 601 F.2d 471, 473–74 (9th Cir.1979).

The facts establish that the district court applied its local rules to continue the hearing date for purposes of allowing a timely reply to be filed, and to clarify inadvertent confusion that resulted from two apparently conflicting case management orders. The district court's decision facilitated development of a full factual and legal record, ensured that Andallo had sufficient notice of Federal Express' arguments before the hearing, and did not result in undue delay. In short, the district court's order promoted "the just, speedy, and inexpensive determination" of the case, Fed. R.Civ.P. 1, and did not constitute an abuse of discretion.

■ Turning to the merits, Andallo argues that he was terminated in breach of contract or in breach of the covenant of good faith and fair dealing. Andallo's employment agreement expressly provided that his employment was at will. Andallo failed to provide any evidence demonstrating than an express provision of his contract was violated. The district court thus properly granted summary judgment with respect to his claims for breach of contract and breach of implied covenant of good faith and fair dealing. *Guz v. Bechtel Nat'l,* 24 Cal.4th 317, 325, 349–50, 100 Cal. Rptr.2d 352, 8 P.3d 1089 (2000).

■ The district court did not err in concluding that Andallo failed to provide sufficient evidence with respect to the fact that his supervisor did not treat similarly-situated individuals in the same alleged manner. Thus, there is no showing that the alleged harassment was a form of actionable race discrimination. *Steckl v. Motorola, Inc.,* 703 F.2d 392, 393 (9th Cir. 1983). We also agree with the lower court's finding that Andallo failed to provide convincing evidence demonstrating that his employer terminated him in retaliation for engaging in protected activity. *Cf. Iwekaoguwu v. City of Los Angeles,* 75 Cal.App.4th 803, 815–16, 89 Cal.Rptr.2d 505 (1999).

■ Finally, Andallo's fraud or deceit claim fails for lack of justifiable reliance. *See Anderson v. Deloitte & Touche LLP,* 56 Cal.App.4th 1468, 1474, 66 Cal.Rptr.2d 512, 515 (1997) (citations omitted) (setting forth elements of a fraud claim under California law). Assuming that one or more managers assured Andallo that he would have a job with Federal Express so long as he satisfactorily performed his work does not convert his at will status into a position for which he could only be fired for good cause because Andallo's employment agreement established that he was an at will employee, and further provided that

his agreement could not be modified except as approved by specially designated personnel. Consequently, the district court did not err in determining that no reasonable fact-finder could conclude, based on the present record, that Andallo justifiably relied on the alleged representations.

AFFIRMED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Mayberry's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.