**In re Ingersoll RAND, Von Duprin, Inc., Harrow Industries, Harrow Products, Inc., Harrow Products, Inc. (Delaware), and Schlage Lock Company, Petitioners.**

No. 792.

United States Court of Appeals, Federal Circuit.

July 19, 2005.

Before BRYSON, LINN, and DYK, Circuit Judges.

### ORDER

DYK, Circuit Judge.

Ingersoll Rand et al. (Ingersoll Rand) petition for a writ of mandamus to direct the United States District Court for the Central District of California to vacate its May 27, 2005 order that modified a previous protective order. Ingersoll Rand also moves to immediately stay the district court's May 27, 2005 order and for other relief. Triangle Brass Manufacturing Company, Inc. (Trimco) opposes.

In the district court, Ingersoll Rand was sued by Trimco for patent infringement. Ingersoll Rand is also involved in a lawsuit against Trimco in Los Angeles Superior Court (state court) involving allegations of breach of a settlement agreement and a security agreement. During discovery in the district court action, Ingersoll Rand produced documents under the protective order agreed to by the parties that purportedly limited use of the documents to preparation and trial of the district court litigation.

On May 25, 2005, Trimco submitted an ex parte application to modify the protective order to allow Trimco to use certain documents in the state court action. Ingersoll Rand submitted an opposition. On May 27, 2005, the district court granted the application and modified the protective

order to allow Trimco to use certain documents in the state court action. One month later, on June 27, 2005, Ingersoll Rand filed a petition for a writ of mandamus with the United States Court of Appeals for the Ninth Circuit. On June 29, 2005, the Ninth Circuit dismissed the petition for lack of jurisdiction because the district court's jurisdiction arose in part under the patent laws. In the afternoon of July 14, Ingersoll Rand filed the present petition for a writ of mandamus with this court, alleging urgency because the Superior Court action might be given to the jury by July 20.

A writ of mandamus will issue only in exceptional circumstances to correct a clear abuse of discretion or usurpation of judicial power by a trial court. *In re Calmar Inc.*, 854 F.2d 461, 464 (Fed.Cir. 1988). A party who seeks a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). "Where a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.'" *Id.* at 36, 101 S.Ct. 188. We conclude that the "clear and indisputable" standard has not been satisfied.

Ingersoll Rand argues only that the district court should not have granted the relief because (1) Trimco's ex parte application did not meet the requirements of the local rules and (2) Trimco did not show that it was without fault in creating the crisis that required ex parte relief. The first matter is committed to the trial court's discretion, and Ingersoll has not shown a clear and indisputable error in the exercise of that discretion. *See United States v. Warren*, 601 F.2d 471, 474 (9th Cir.1979) (application of local rules is committed to the district court's discretion). Concerning the second matter, Ingersoll Rand's argument is contained in one sentence of the petition: "Trimco had numerous opportunities in the State Action to seek the Development Documents therefore it did not satisfy the second prerequisite for granting an ex-parte application, namely that it was without fault in creating the crisis that required the ex-parte relief." Such a conclusory argument is not sufficient to support a petition for the extraordinary relief of mandamus. There has also been no showing that the district court abused its discretion in amending the protective order.*

Accordingly,

IT IS ORDERED THAT:

(1) The petition is denied.

(2) The motion is denied.

---

* Ingersoll Rand also argues that the district court's order should be given heightened scrutiny because the district court adopted without revision the proposed order. *But see Anderson v. City of Bessemer City*, 470 U.S. 564, 572, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) ("Nonetheless, our previous discussions of the subject suggest that even when the trial judge adopts proposed findings verbatim, the findings are those of the court and may be reversed only if clearly erroneous.").