Robert HELMAN, on Behalf of Himself and all others similarly situated, Plaintiff—Appellant,

v.

NATIONWIDE LIFE INSURANCE COMPANY; et al., Defendants—Appellees.

No. 04–16541.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 15, 2006.

Filed June 7, 2006.

Before: RYMER and WARDLAW, Circuit Judges, and SELNA,* District Judge.

MEMORANDUM **

Robert Helman ("Helman") appeals the district court's dismissal of Helman's class action for failure to file a timely response to Nationwide Life Insurance's ("Nationwide") motion to dismiss and as time-barred under the three-year statute of repose of 15 U.S.C. § 78i(e). We affirm.

We cannot say that the district court incorrectly calculated the date on which

---

* The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Helman's response to Nationwide's motion to dismiss was due under the Scheduling Order. Under Federal Rule of Civil Procedure 16(e), "[t]he scheduling order control[s] the subsequent course of action unless modified by the court." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir.1992) (internal quotation marks omitted). The district court was within its discretion to apply its local rules to deem Helman's noncompliance as consent to the motion because "[d]istrict courts have broad discretion in interpreting and applying their local rules." *Delange v. Dutra Constr. Co.*, 183 F.3d 916, 919 n. 2 (9th Cir.1999) (per curiam) (internal quotation marks omitted). Moreover, Helman failed to seek amendment of the Scheduling Order, to file a Rule 60(b) motion, or to file a motion for reconsideration with the district court to allow it the opportunity in the first instance to address his contention that the district court had miscalculated the response date. Though Helman disputes the district court's calculation of the date his opposition was due, the district court's calculation correctly reflects the record that was before the district court. As Helman made no claim to the district court that he was not served by hand, we have no record before us that would support his challenge to the time calculation on appeal. "Papers not filed with the district court or admitted into evidence by that court are not part of the record on appeal." *Barcamerica Int'l v. Tyfield Importers, Inc.*, 289 F.3d 589, 594 (9th Cir.2002) (quoting *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir.1988)); *see also* Fed. R.App. P. 10(a) (defining the record reviewed on appeal). Thus the district court did not abuse its discretion in denying Helman's untimely opposition. *See U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1103–04 (9th Cir.1985), *supersession by rule on other grounds recognized by Simpson v. Lear Astronics Corp.*, 77 F.3d

1170 (9th Cir.1996); *United States v. Warren*, 601 F.2d 471, 473–74 (9th Cir.1979) (per curiam) (discussing application of similar District of Arizona Local Rule deeming failure to file as consent, and holding that "[o]nly in rare cases will we question the exercise of discretion in connection with the application of local rules").

■ The district court also correctly determined that Helman was not entitled to tolling pursuant to *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), such that his complaint related back to the prior class action filed on October 28, 1998 in the Court of Common Pleas of Franklin County, Ohio, *Castillo v. Nationwide Financial Services, Inc.*, No. 98CVH10–8393. We agree with the district court that Helman's investment in a stand-alone Nationwide individual retirement annuity did not suffer from the same double-taxation defects that were at issue in the *Castillo* class action. Therefore, Helman has not demonstrated that he is in the same position as the purported class members in *Castillo*. *American Pipe*, 414 U.S. at 554, 94 S.Ct. 756. Accordingly, we affirm the district court's ruling that Helman's section 10(b) claims are time-barred under the three-year statute of repose of 15 U.S.C. § 78i(e).

**AFFIRMED.**

SELNA, District Judge, concurring:

I concur in the Judgment, but would affirm solely on the ground that Helman's claim was time-barred. 15 U.S.C. § 78i(e).