**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVEN D. IRVIN, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> REBECCA MARIE MADRID, Los Angeles County Deputy District Attorney; KATHLEEN O. DIESMAN, Los Angeles County Deputy District Attorney; CAROL BURKE, Los Angeles County Deputy District Attorney; BRADLEY L. MCCARTT, Los Angeles County Deputy District Attorney; MAURICE JOLLIFF, Los Angeles County Sheriff's Deputy; DOES, 1-10, inclusive, <br><br> Defendants-Appellees. | No.   17-55339 <br><br> D.C. No. 2:16-cv-01198-DMG-JEM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted November 5, 2018[**]
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: RAWLINSON and HURWITZ, Circuit Judges, and BOUGH,*** District Judge.

Appellant Steven D. Irvin sued a host of defendants for their alleged participation in initiating and pursuing a petition to commit Irvin as a sexually violent predator ("SVP") after the completion of his state sentence. He also alleged additional constitutional deprivations that occurred during his SVP commitment. The district court dismissed Irvin's operative claims in his First Amended Complaint. We have jurisdiction of Irvin's appeal under 28 U.S.C § 1291, and we affirm.

On December 8, 2016, the district court dismissed the claims in Irvin's original complaint against four Defendants – Madrid, Diesman, Burke, and McCartt – based on the statute of limitations. For one of those four Defendants – McCartt – the district also dismissed a portion of Irvin's claims, i.e. the portion based on McCartt's alleged 2014 conduct, based on prosecutorial immunity. In the same order, the district court dismissed Irvin's claims against Defendant Jolliff based on Irvin's failure to state a claim. The district court granted Irvin leave to amend, except as to McCartt.

Irvin filed a First Amended Complaint on December 29, 2016. Shortly

---

*** The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

17-55339

thereafter, the district court *sua sponte* dismissed a number of Defendants, including McCartt, given that Irvin's inclusion of the Defendants in the First Amended Complaint went beyond the district court's order allowing amendment. The remaining Defendants filed motions to dismiss. On February 16, 2017, the district court granted the motions to dismiss based on Irvin's failure to respond to the motions, pursuant to Central District of California Local Rule 7-12, which provides that failure to file by a specified deadline may be deemed as consent to grant a motion.

We review the district court's dismissal pursuant to Local Rule 7-12 for abuse of discretion. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). "Failure to follow a district court's local rules is a proper ground for dismissal." *Id.* (citing *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979) (per curiam)). "Before dismissing the action, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases [on] their merits; and (5) the availability of less drastic sanctions." *Id.* (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)) (internal quotation marks omitted). When a district court does not consider these factors explicitly, we may conduct an independent review of the record to determine whether the district court abused its discretion.

17-55339

*Id.* at 53-54.

We find the district court did not abuse its discretion in dismissing the First Amended Complaint. First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The second factor also favors dismissal because the district court is in the best position to determine whether a particular set of circumstances interferes with docket management. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Factors three and five also favor dismissal.[1] The district court considered and employed less drastic action in allowing Irvin to file his First Amended Complaint. When Irvin filed the First Amended Complaint, however, his averments relating to the district court's prior, merit-based dismissal findings – statute of limitations, failure to state a claim, and prosecutorial immunity – remained unchanged. Defendants would have been prejudiced by requiring them to continue to defend against Irvin's claims in light of the delay and Irvin's failure to address the merit-based deficiencies correctly identified by the district court.[2]

---

[1] Irvin's failure to address these merit-based deficiencies in filing his First Amended Complaint also compels us to find that factor four is at best neutral.

[2] We deny Appellees' Motion to Strike Portions of Appellant's Excerpts of Record. (Dkt. No. 40).

**Affirmed.**