**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT J. GARDNER, individually, and as Co-Special Administrator of the Estate of Garrett E. Gardner, deceased; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> LAS VEGAS METROPOLITAN POLICE DEPARTMENT; NAPHCARE, <br><br> Defendants-Appellees. | No.  19-16047 <br><br> D.C. No. 2:17-cv-00352-PAL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Peggy A. Leen, Magistrate Judge, Presiding

Argued and Submitted December 7, 2020
San Francisco, California

Before:  LUCERO,[**] W. FLETCHER, and IKUTA, Circuit Judges.

Appellants challenge the district court's summary judgment grant in favor of

defendants Las Vegas Metropolitan Police Department (LVMPD) and NaphCare,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Carlos F. Lucero, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Inc., a private contractor providing medical services in Clark County Detention Center (CCDC). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We apply an objective deliberate indifference standard to claims of inadequate medical treatment brought by pretrial detainees. *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018).[1] The third element of the *Gordon* test requires a showing that "the defendant did not take reasonable available measures to abate" a substantial risk that the plaintiff would suffer serious harm, "even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious[.]" *Id*. at 1125.

In light of the unique manifestation of Gardner's underlying cancer, even viewing the facts in the light most favorable to plaintiffs, the record does not disclose a genuine issue of material fact as to whether his serious medical need was so apparent as to render the consequences of the defendants' conduct "obvious." *Id*. The record shows that Gardner may have shown symptoms of illness before his hospitalization. But it does not show that those symptoms were evidence of the cancer from which he suffered, or were enough to raise a material dispute over

---

[1] Plaintiffs' argument that the standards from *Youngberg v. Romeo*, 457 U.S. 307 (1982), and *Oregon Advocacy Center v. Mink*, 322 F.3d 1101 (9th Cir. 2003), apply here is contrary to our caselaw.

whether the staff acted with deliberate indifference. A single statement in a non-examining expert's opinion letter is insufficient to establish a genuine issue of material fact for trial. *See Clouthier v. Cty. of Contra Costa*, 591 F.3d 1232, 1252 (9th Cir. 2010), *overruled on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016).

To the extent plaintiffs raise technical challenges to the sufficiency of the summary judgment briefing below, we find no error. The parties conceded the authenticity of various records at the hearing, and the district court properly exercised its discretion in applying the local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (quoting *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979)) ("Only in rare cases will we question the exercise of discretion in connection with the application of local rules.").

**AFFIRMED**.